MARY E. REIDY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

1. NEW YORK (CITY OF) — WHEN WIDOW OF DISCHARGED EMPLOYEE OF FIRE DEPARTMENT ENTITLED TO DEATH BENEFIT FROM DEPARTMENT LIFE INSURANCE FUND.   Where an employee of the New York fire department, who had been continuously in the employ of the department for a period of more than eighteen years until May 7, 1902, upon which date the position he then held was abolished, was discharged from the department, and died May 28, 1902, had availed himself of the privilege of membership in the New York Fire Department Life Insurance Fund as established under the statute (L. 1882, ch. 410, § 521), which provides a death benefit upon the life of an employee, contributing to the fund, who shall be in the service of the department at the time of his death, his widow is entitled to such death benefit under section 1543 of the charter of the city of New York (L. 1901, ch. 466), which provides that when a position is abolished or becomes unnecessary, "the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary *shall be deemed to be suspended without pay*, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services," since such employee having died during said year of suspension without pay, he was at that time in the service of the fire department.

2. SECTION 1543 OF CHARTER NOT LIMITED TO EXEMPTIONS FROM CIVIL SERVICE EXAMINATIONS.   A contention that section 1543 was enacted for the purpose of exempting employees of the city, who might be discharged because their positions were abolished by the charter (L. 1901, ch. 466), from another civil service examination, where they have shown by the fact that they have held similar positions that they were qualified for a place, and that, therefore, the section is limited to the exemption from civil service examinations, is untenable.

*Reidy* v. *City of New York*, 103 App. Div. 361, reversed.

(Submitted April 20, 1906; decided May 8, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 12, 1905, directing a dismissal of the complaint upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The following facts, among others, were agreed upon: " That on or about the 16th day of January, 1884, one Michael Reidy was duly appointed watchman in the repair shops of the Fire Department of the Mayor, Aldermen and Commonalty of the City of New York, and up to the 23rd day of August, 1888, performed the duties of such position and received as compensation therefor the sum of $2.50 per day.

" On the said 23rd day of August, 1888, the said Reidy was appointed a Clerk at a salary of $1,000 per annum, and was assigned to duty in the Bureau for the Inspection of Buildings in said Department.   On September 1st, 1890, the said Reidy, who has been continuously employed as aforesaid since the 23rd day of August, 1888, was promoted to a clerkship of a higher grade in the said Bureau, receiving compensation for his services at the rate of $1,500.00 per annum. On May 26th, 1892, the said Reidy was transferred to Headquarters of the said Fire Department and on January 1st, 1897, was transferred to the Bureau of the Chief of said Fire Department and was, therefore, continuously employed in the said department until May 7th, 1902, when his position was abolished and he was discharged as appears from the following extract from the record of said Department:

" ' A.

" ' Headquarters Fire Department City of New York.
" ' Special Orders
" ' No. 72.
" ' (Extract.)
" ' NEW YORK, *May* 14, 1902.
" ' The position of the Clerk in the Bureau Chief of Department of this Department heretofore held by Michael Reidy having been abolished, he is hereby discharged from

the services of this department, to take effect from 12 o'clock noon the 17th inst., his services being no longer required.

> " ' By order of
> " ' (Signed) THOMAS STURGIS,
> " ' WILLIAM LEARY,                    *Commissioner.*
> " ' *Secretary.*'

"IV. That from the time of his entrance into the service of the said Fire Department the said Reidy availed himself of the privilege of membership in the New York Fire Department Life Insurance Fund as provided by the Laws of 1882, Chapter 410, Section 521, and there was deducted from the monthly pay of the said Reidy as an employee of the said Fire Department various sums for the benefit of the said fund and up to the time of abolishing of his position said Reidy, whenever required, regularly contributed to the said fund in the manner aforesaid.

" V. That there are no by-laws or rules governing the said Life Insurance Fund, Section 792 of the Greater New York Charter regulating and controlling its distribution. That there was no assessment levied on contributors to the said fund provided in the said section 792 from December, 1901, to July, 1902, the condition of the fund not requiring it.

" VI. That the said Reidy died on the 28th day of May, 1902, leaving him surviving his widow, Mary E. Reidy, who is of full age, and the plaintiff herein.

" VII. That heretofore the plaintiff herein has demanded payment of Nicholas J. Hayes, as treasurer of the New York Fire Department Life Insurance Fund, the sum of $1,000 out of the said fund, and the said Nicholas J. Hayes, as treasurer of said fund, has refused to make payment of the same.

" VIII. That it is claimed on the part of the plaintiff and the plaintiff demands judgment directing said Nicholas J. Hayes, as treasurer of the New York Fire Department Life Insurance Fund, to pay out of said fund to the plaintiff herein, as widow of said Michael Reidy, deceased, the sum of $1,000.

" IX. That it is claimed on behalf of the defendant that under the facts as herein stipulated the plaintiff is not entitled to recover the said sum or any part thereof from Nicholas J. Hayes, as treasurer aforesaid, and it asks judgment accordingly."

*Henry K. Davis* for appellant.   Michael Reidy at the time of his death was an employee of the fire department, and as such the plaintiff, as his widow, is entitled to the payment of the sum which section 792 of the Greater New York charter provides.   (L. 1897, ch. 378, § 1543.)

*John J. Delany, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for respondent.   The discharge of Reidy from the fire department by reason of the abolition of the position held by him *ipso facto* discontinued his membership in the life insurance fund. (*People ex rel. Clifford* v. *Scannell,* N. Y. L. J. Oct. 4, 1901; *People ex rel. Waddy* v. *Partridge,* 172 N. Y. 305; *People ex rel. Pirsig* v. *Karb,* 54 Ohio St. 383; *McGann* v. *Harris,* 144 Ill. App. 308; *State ex rel. Weber* v. *Trustees,* 101 N. W. Rep. 373; *Delaney* v. *Kelly,* 103 App. Div. 409; 3 Am. & Eng. Ency. of Law [2d ed.], 1109; Bacon on Benefit Societies [2d ed.], § 111; Niblack on Benefit Societies [2d ed.], 106, 613.)

EDWARD T. BARTLETT, J.   The learned Appellate Division, in this submitted controversy, upon an agreed state of facts, decided that the plaintiff, as the widow of Michael Reidy, deceased, cannot recover from the New York Fire Department Life Insurance Fund the sum of $1,000.00, notwithstanding the provision of section 1543 of the charter of the city of New York, which reads in part as follows :

" Wherever in any department or institution an office, position or employment is abolished, or made unnecessary through the operation of this act, or in any other manner, or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus

abolished or made unnecessary *shall be deemed to be suspended without pay,* and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services."

We are constrained to take a contrary view of the question of law here presented.    The language of the charter in this connection is unambiguous, and evidently intended to provide for such a case as is here presented.    Michael Reidy had faithfully served in the fire department for more than eighteen years, during which period he was several times promoted and his compensation gradually increased from $2.50 per day to $1,500 a year.

On the 14th day of May, 1902, he was informed in writing by the commissioner that the position which he held as clerk in the bureau chief of department of the fire department having been abolished he was discharged, his services being no longer needed.    In two weeks from the date of this notice Michael Reidy died, May 28th, 1902.

The Appellate Division said in its opinion : " It seems like a harsh rule in this case, but we are of opinion that the decedent was not in the service of the fire department at the time of his death, and that, therefore, his widow is not entitled to participate in the insurance fund."

The duly constituted authorities of the fire department may discharge a member for cause, and the one so dealt with loses his right to share in the insurance fund, although he may have contributed to it for years ; but the exercise of this power is subject to the one exception contained in section 1543 of the charter, already quoted.

The notice of alleged discharge and this section must be read together ; in a limited sense the deceased was discharged, that is, from active duty, his position having been abolished ; but the statute both in letter and spirit declares that in such a case he " shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment if within one year thereafter there is
10

need for his or their services." In other words, there is here disclosed the clear intention of the lawmakers to mitigate the unfortunate position in which a good and faithful servant finds himself, without his fault, by reason of the abolition of his office. He is granted one year of suspension without pay, and if during that time the opportunity for reinstatement in the same, or a similar position, does not present itself, the qualified discharge becomes absolute.

. It is suggested on behalf of the city of New York that this section of the charter "is for the obvious purpose of avoiding another civil service examination, where they have shown by the fact that they held similar positions, that they were qualified for the place."

Section 1543 is found in chapter XXIII of the charter, entitled "General Statutes;" title 3 thereof is entitled "General Provisions."

The suggestion that the section is limited to the exemption from civil service examinations is wholly unsupported. It, therefore, follows that Michael Reidy having died during the said year of suspension without pay, he was at that time in the service of the fire department.

The order and judgment appealed from should be reversed and judgment directed for plaintiff on submitted case, with costs in both courts.

CULLEN, Ch. J., VANN and WILLARD BARTLETT, JJ., concur; GRAY and CHASE, JJ., dissent; HAIGHT, J., absent.

Ordered accordingly.