MAUDE LEWIS, as Executrix of JOHN F. BAILEY, Deceased, Appellant, *v.* THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, OF LONDON, ENGLAND, Respondent.

Insurance (accident) — evidence examined and held that jury might find death of insured was caused by infection from puncture in lip and if so it was effected by accidental means within meaning of policy.

Plaintiff's testator, who held a policy issued by defendant insuring him against " loss or disability, resulting directly, independently, and exclusively of all other causes, from bodily injuries effected solely through accidental means," died from inflammation of the brain produced from a germ which came from an infected pimple on his lip. *Held*, that there is evidence from which a jury might find that the pimple had been punctured by some instrument, and that the result of the puncture was an infection of the tissues; if so the death of plaintiff's intestate was effected by accidental means within the meaning of the policy.

*Lewis* v. *Ocean Accident & Guarantee Corp.*, 180 App. Div. 935, reversed.

(Submitted May 14, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry R. Bradbury* for appellant. The introduction of the staphylococcus aureus germs into the deep tissues, where they caused the sudden paralysis and death of Mr. Bailey, was the accidental bodily injury. (*Bailey v. Interstate Casualty Co.*, 8 App. Div. 127; 158 N. Y. 723; *Marchi v. Ætna Life Ins. Co.*, 140 App. Div. 901; 205 N. Y. 606; *Lewis v. Iowa State Traveling Men's Assn*, U. S. Dist. Court, So. Dist. Iowa, Jan. 22, 1918; *Hiers v. Hull & Co.*, 178 App. Div. 352; *Hood & Sons v. Maryland Casualty Co.*, 206 Mass. 223; *A. L. Ins. Co. v. Portland G. & C. Co.*, 229 Fed. Rep. 552; *Venan v. N. D. Lumber Co.*, 161 Wis. 370; *Brintons v. Turvey*, 1915 A. C. 230, 1914 1 K. B. 328; *Caldwell v. I. S. T. M. Assn.*, 156 Iowa, 327; *W. C. T. Assn. v. Smith*, 85 Fed. Rep. 40; *Froiland v. Met. Ac. Assn.*, 161 Ill. 30.)

*Frederick W. Catlin* and *Robert H. Woody* for respondent. The spreading of the inflammation beyond the area of the lip appears to have taken place only after the incision made by Dr. Williamson, which was not an injury effected by accidental means. (*Paul v. Travelers Ins. Co.*, 112 N. Y. 472; *Bacon v. U. S. M. A. Assn.*, 123 N. Y. 304; *Smith v. Travelers Ins. Co.*, 219 Mass. 147; *Appel v. Ætna Life Ins. Co.*, 86 App. Div. 83; 180 N. Y. 514.) Infection by a disease-producing germ that comes in contact with the body under such circumstances that it can and does develop a disease, does not of itself constitute a bodily injury resulting from accidental means. (*Bacon v. U. S. M. A. Assn.*, 123 N. Y. 304.)

CARDOZO, J. The plaintiff's testator, John F. Bailey, held a policy of insurance issued by the defendant. It covered " loss or disability, resulting directly, independently, and exclusively of all other causes, from bodily

injuries effected solely through accidental means." The question is whether injuries resulting in death were effected by accidental means within the meaning of the policy. The trial judge dismissed the complaint. The Appellate Division, two justices dissenting, affirmed.

On July 6, 1915, the insured had a pimple on his lip. A friend who lunched with him says that it looked like an ordinary pimple at that time. A day or so later it was larger and more inflamed. On July 10 the insured consulted a physician. The physician's testimony is that there was then a punctured wound in the lip, which had inflamed and infected the deep tissues. The lip was opened by the physician, and remedies were applied. They were of no avail. The infection spread through the cheek toward the eye. A week later, July 17, the insured became paralyzed and blind. He died the next day. His death was due to inflammation of the brain produced by the germ known as the staphylococcus aureus. There is little doubt that the germ came from the infected pimple. If the infection was the result of accident, the defendant is liable.

We think there is testimony from which a jury might find that the pimple had been punctured by some instrument, and that the result of the puncture was an infection of the tissues. If that is what happened, there was an accident. We have held that infection resulting from the use of a hypodermic needle is caused by " accidental means " (Bailey v. Interstate Casualty Co., 8 App. Div. 127; 158 N. Y. 723; Marchi v. Ætna Life Ins. Co., 140 App. Div. 901; 205 N. Y. 606). The same thing must be true of infection caused by the puncture of a pimple. Unexpected consequences have resulted from an act which seemed trivial and innocent in the doing. Of itself, the scratch or the puncture was harmless. Unexpectedly it drove destructive germs beneath the skin, and thereby became lethal. To the scientist who traces

the origin of disease, there may seem to be no accident in all this. " Probably it is true to say that in the strictest sense and dealing with the region of physical nature, there is no such thing as an accident " (HALSBURY L. C., in *Brintons* v. *Turvey*, L. R. 1905 A. C. 230, 233). But our point of view in fixing the meaning of this contract, must not be that of the scientist. It must be that of the average man (*Brintons* v. *Turvey*, *supra;* *Ismay, Imrie & Co.* v. *Williamson*, L. R. 1908 A. C. 437, 440). Such a man would say that the dire result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident. This test — the one that is applied in the common speech of men — is also the test to be applied by courts (*U. S. Mutual Acc. Assn.* v. *Barry*, 131 U. S. 100; *Lewis* v. *Iowa State Trav. Men's Assn.*, 248 Fed. Rep. 602; *Western Comm. Trav. Assn.* v. *Smith*, 85 Fed. Rep. 401; *Brintons* v. *Turvey, supra; Ismay, Imrie & Co.* v. *Williamson, supra; Hood* v. *Maryland Casualty Co.*, 206 Mass. 223; *Ætna Life Ins. Co.* v. *Portland Gas & Coke Co.*, 229 Fed. Rep. 552; *Omberg* v. *U. S. Mut. Acc. Assn.*, 101 Ky. 303; *Hiers* v. *Hull & Co.*, 178 App. Div. 350, 352; *Bailey* v. *Interstate Casualty Co., supra*).

The defendant argues that the puncture may not have caused the infection. But the plaintiff's experts say that in their opinion the entrance of the germs from the skin into the deeper tissues was the result of trauma. They say that trauma is almost invariably the cause of such infections. We find the signs of trauma here in the punctured wound which was visible when the physician was first consulted. The insured was an athlete in the prime of life and the fullness of health; the infection was not due, therefore, to lowered powers of resistance. The punctured wound is an adequate cause. The evidence suggests no other; at least, a jury might so find. Here,

as elsewhere, the law contents itself with probabilities, and declines to wait for certainty before drawing its conclusions.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, POUND,. MCLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents.

Judgment reversed, etc.