## No. 11,840.

### HERSHEY *v.* AGNEW, ET AL.

Decided December 19, 1927.

Action in mandamus.   Judgment for plaintiffs.

#### *Affirmed.*

1. MUNICIPAL CORPORATIONS—*Words and Phrases.*   The word ''die'' as used in a municipal ordinance, held to be equivalent to the words ''lose his life,'' used in the city charter.

2. *Ordinance—Construction.*   In the construction of a municipal ordinance, the words ''such member''—referring to a member of the police department—held to have no reference to the requirement that a member of the department be ''engaged in the line of his duty'' when he dies or loses his life.

3. *Policeman—Pension—Line of Duty.*   A policeman found dead in his back yard, death having resulted from a gunshot wound, held to have been in the service of the police department at the time of his death.

4. DEATH—*Suicide—Defense.*   In an action against a city to compel payment of a pension to the family of a deceased policeman, defendant having alleged that decedent committed suicide, had the burden of establishing that fact.

5. EVIDENCE—*Suicide.*   The general and natural presumption is against suicide, which presumption must stand until overcome by testimony which shall outweigh the presumption.

6. APPEAL AND ERROR—*Suicide—Evidence.*   In an action involving the question of whether or not a policeman committed suicide, evidence held to sustain a finding of the trial court that he did not.

7.      *Constitutional Law.* Where a party relies upon the unconstitutionality of a city ordinance as a defense, unless it is pleaded and the question presented in the assignments of error, it will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. HENRY E. MAY, Mr. THOMAS GIBSON, for plaintiff in error.

Mr. ROBERT EMMET LEE, Mr. EDWARD L. COMPTON, for defendants in error.

Mr. JAMES A. MARSH, amicus curiae.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

ALDEN Clarence Agnew, an infant, by Lena Agnew, his mother, next friend and custodian, and Lena Agnew, the defendants in error, hereinafter designated as plaintiffs or petitioners, brought this action in mandamus to require the plaintiff in error, Reuben W. Hershey, as manager of safety and excise of the City and County of Denver, and trustee of the police department relief fund, hereinafter referred to as defendant or respondent, to enroll the names of the petitioners, on the books and records of his office, as beneficiaries of the police department relief fund. The court found generally for the petitioners, and rendered judgment according to the prayer of their petition. Defendant prosecutes this writ of error.

On February 25, 1924, about three a. m., Louis R. Agnew, husband of Lena Agnew and father of Alden Clarence Agnew, was found dead in the back yard of his residence in Denver, his death resulting from a gunshot wound. One witness testified that a shotgun was found

lying on the ground beside him, but another testified that the gun was lying between his legs, the butt at the feet and the muzzle up about midway of his torso, and that there were powder marks on the flesh under his chin and on the forefinger and thumb of the left hand. No one saw the act and no one knew how or by whom the shot was fired that ended the life of Agnew. The charge from the gun had blown away a part of the left side of his face and part of his chin.

At the time of, and for some time prior to his death, Agnew was a regular member of the police department of the City and County of Denver, i. e., a patrolman, and within the classified service of the civil service regulations of the city, but was not on duty at the time of his death.

Section 133 of the charter of the City and County of Denver provides:

"The council is hereby authorized, and they shall within six months after the adoption of this charter, by ordinance provide for a police department relief fund, to be administered by the board of fire and police, for the following purposes:

"For the relief of aged, infirm and disabled members of the police department who have arrived at the age of sixty years," upon certain conditions.

"For the relief of any regular member of the police department, while engaged in the line of his duties who shall suffer physical injuries resulting in total disability which prevents him from supporting himself and family; provided, however, that the benefits of this paragraph shall extend to the regular members of the department suffering such disability on November 6, 1900.

"For the family of any such member of the police department who shall lose his life, leaving a family theretofore depending on him, without means of support; provided, however, in case of total disability, as in this paragraph provided, upon examination by two regularly certified practicing physicians, appointed for that pur-

pose, they shall certify that such disability unfits such member for the performance of his duties.''

The ordinance, upon which plaintiff's claim for relief is founded, reads:

''Section 1650. If any such officer, member or employee die while in the service of said department (and such death is not the result of immoral conduct, or immoral or intemperate habits), leaving a family theretofore dependent upon him and then without other adequate means of support, the Manager of Safety and Excise shall direct the monthly payment from said fund to the members of such dependent family, during the continuance of such dependent condition, a sum in accordance with the following schedule:''

For a reversal of the judgment, the defendant urges: (1) That decedent, Agnew, was not in the service of the department at the time of his death; (2) that the death of Agnew was the result of his own wilful and immoral conduct in that he committed suicide; and (3) that the ordinance in question is unconstitutional.

As to the first of these: Section 1503 of the Municipal Code of 1906, provided: ''If any such officer, member or employe die solely from physical injury received while in the performance of his duty in the service of said department,'' then his dependents should be entitled to the pension provided for.

This section was amended in 1916 by the ordinance now under consideration and quoted above.

Defendant claims that the ordinance must be construed in connection with said section 133 of the charter; that the ordinance must comply with that provision of the charter reading, ''for the relief of any regular member of the police department, while engaged in the line of his duties who shall suffer physical injuries resulting in total disability which prevents him from supporting himself and family''; that the words ''such member,'' as used in the ordinance, refer to a member of the police department, who, while engaged in the line of his duties, shall

lose his life; that therefore, plaintiffs are not entitled to the relief sought because Agnew did not lose his life as a regular member of the police department, while engaged in the line of his duties. The argument is made that the word "die," used in the ordinance, does not mean the same as "lose his life," used in the charter. This distinction is too refined to meet our approval. We think the ordinance substantially complies with the charter. The council was authorized by the charter to provide "for the family of any such member of the police department who shall lose his life."

We think the word "die," as used in the ordinance, is the equivalent of the words "lose his life," as used in the charter. The words "such member" can have no reference to the requirement that the member of the department be "engaged in the line of his duty" when he dies or loses his life. We do not think the words "lose his life" should be construed to mean that death must result from an accident, or as having occurred in some unforeseen manner, as we understand defendant to contend.

It will be noted that the words "while in the performance of his duty in the service of said department," contained in the original section 1503, are omitted from the ordinance under consideration, and the words "while in the service of said department," substituted.

There can be no serious doubt that at the time of his death Agnew was in the service of the police department. *Reidy v. City of New York*, 185 N. Y. 141, 77 N. E. 1011.

As to the second proposition: The defendant contends that Agnew committed suicide and consequently died as the result of his own wilful and immoral conduct. The defendant, having alleged that decedent committed suicide, the burden was upon him to establish that fact. 14 R. C. L. 1235.

It is true the burden was on the plaintiffs to establish that they were entitled to the relief claimed, but that did not impose upon them the burden of showing that

Agnew's death was not the result of suicide. The general and natural presumption is against suicide. This presumption must stand until overcome by testimony which shall outweigh the presumption. 14 R. C. L. 1237.

In *Supreme Lodge v. Beck*, 181 U. S. 49, 54, 21 Sup. Ct. 532 (45 L. Ed. 741), where the deceased was found with his head shot off ·and the gun in his hand, Mr. Justice Brewer, speaking for the court, said: "Whether the deceased committed suicide was a question of fact, and a jury is the proper trier of such questions. It is not absolutely certain that the deceased committed suicide. * * * Under those circumstances it is impossible to say that beyond dispute he committed suicide. The discharge of the gun may as well have happened from the careless conduct of a drunken man as from an intentional act. At any rate, the question was one of fact, and the jury found that he did not commit suicide, and after its finding has been approved by the trial court and the Court of Appeals, we are not justified in disturbing it."

In the instant case there was evidence to the effect that all the circumstances surrounding Agnew's death were such as to show that he might have been killed by an accidental discharge of the gun. In any event it is not absolutely certain that he committed suicide. Furthermore, no sufficient motive for suicide appears. The evidence may be of such force as to create a suspicion in one's mind that Agnew did commit suicide, but mere suspicion cannot be made the basis for a judicial pronouncement that such was the fact. There was sufficient evidence, together with the presumption which has the force of evidence, to sustain the finding of the trial court that Agnew did not commit suicide.

As to the third proposition: The defendant claims that the ordinance here relied upon is unconstitutional.

The defendant did not set. up in his answer this defense, nor has he "particularly specified" in his assign-- ments of error the unconstitutionality of the ordinance

as required by our rule 32, and we shall therefore not discuss or determine this question.

Furthermore, this pension fund was in part created from a monthly assessment of one per cent. upon the monthly salary of the member. The judgment was right and should be and is affirmed.

MR. CHIEF JUSTICE BURKE not participating.