No. 12,263.

BICKES *v.* TRAVELERS INSURANCE COMPANY.

(287 Pac. 859)

Decided April 14, 1930. Rehearing denied May 19, 1930.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. FRANK B. GOUDY, Mr. EDWARD L. WOOD, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

MARGARET Bickes, as beneficiary, sued the Travelers Insurance Company for $10,000 on an accident insurance policy issued to her husband, Roy W. Bickes. At the close of the plaintiff's evidence the court sustained a motion for a nonsuit and dismissed the case.

Bickes died November 1, 1927. The plaintiff claims, and the defendant denies, that his death resulted from bodily injuries effected through external, violent and accidental means, within the terms of the policy.

The plaintiff testified that she had known Bickes ten years; that for six years they were husband and wife; that he had splendid health, was never sick, and had no malady to her knowledge; that he was forty-three years of age at the time of his death; that on October 1, 1927, he was in Trinidad, Colorado, on business and telephoned her from there, saying that he never felt better in his life, was enjoying good business and expected to be home in a few days; that later he phoned, and she could hardly make out what he was talking about, he rambled and talked so loud; that he came home on the 7th or 8th; that his clothes were all mussed and soiled; that he had a bump on his forehead, and both elbows were badly skinned; that he did not recognize her, and was confused about the arrangement of the rooms; that he staggered and she had to support him as he walked; that she tried

to undress him and put him to bed; that a doctor examined him; that she secured a nurse; that Bickes was taken to a hospital; that he kept putting his hand to his head.

Luella Peterson, the nurse, testified that she noticed a bump on Bickes' forehead and that she thinks he had some bruises on his elbows.

Dr. Chase, who was called to the house, testified that Bickes was hard to examine because he was irrational and was not able to answer questions as to where he had been; that he had a small abrasion of the skin on his forehead and bruises or lacerations on his elbow; that the abrasion on the forehead had a probable duration of three or four days prior to October 7 and, in the opinion of the witness, was the result of an external cause.

Dr. W. S. Dennis testified that as autopsy physician for Denver he performed an autopsy upon Bickes; that he discovered a meningeal hemorrhage, which, in his opinion, was associated with concussion due to some form of trauma, or injury or violence, and caused the death of Bickes. He also testified that conditions observed by him eliminated as the cause of the hemorrhage certain other causes that sometimes produce such hemorrhages.

Dr. Leo V. Tepley, manager of the hospital, testified that he had Bickes under his care from October 13 to November 1, the day of his death; that Bickes was irrational, did not know where he was and would talk incoherently; that he was "semi-stuporous"; that he was out of his head all the time; that by many tests the witness eliminated as the cause of the meningeal hemorrhage all causes except trauma; that by that he means all causes known to the medical profession; that in his opinion the hemorrhage was traumatic in origin; that by "traumatic" he means an external injury.

■■ 1. The evidence was sufficient to require a denial of the motion for a nonsuit. It justified a finding that Bickes came to his death by unexplained violent external means, and this is prima facie proof that the injuries were accidental; direct or positive testimony on

that point is not required. When death by unexplained violent external means is established, the law does not presume suicide or murder; it does not presume that injuries are inflicted intentionally by the deceased or by some third person. *Preferred Accident Insurance Co. v. Fielding,* 35 Colo. 19, 83 Pac. 1013, 9 Ann. Cas. 916; *Lampkin v. Travelers' Insurance Co.,* 11 Colo. App. 249, 52 Pac. 1040; *Travelers' Insurance Co. v. McConkey,* 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308; *Cronkhite v. Travelers' Insurance Co.,* 75 Wis. 116, 43 N. W. 731; *Konrad v. Union Casualty & Surety Co.,* 49 La. Ann. 636, 21 So. 721; *Lewis v. Ocean Accident & Guarantee Co.,* 224 N. Y. 18, 120 N. E. 56, 7 A. L. R. 1129; *McCullough v. Railway Mail Association,* 225 Pa. St. 118, 73 Atl. 1007.

■ 2. We cannot sustain the contention that it was error to permit the medical witnesses to testify that in their opinion there was an external injury, and that such injury caused the hemorrhage that resulted in the death of Bickes. The testimony was properly admitted. In giving such testimony the witnesses did not usurp or invade the province of the jury. *Cliff v. People,* 84 Colo. 254, 269 Pac. 907; *Colorado Midland Railway Co. v. O'Brien,* 16 Colo. 219, 27 Pac. 701; *McGonigle v. Kane,* 20 Colo. 292, 38 Pac. 367; *Wilson v. Harnette,* 32 Colo. 172, 75 Pac. 395; *National Fuel Co. v. McNulty,* 65 Colo. 176, 177 Pac. 979.

The judgment is reversed.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.