HELEN EISSER, Appellant, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Respondent.— Judgment of nonsuit reversed on the law and a new trial granted, costs to abide the event. Plaintiff sued to recover double indemnity under a policy of insurance upon her husband's life, claiming that death was caused by external and " accidental means, of which there is a visible wound or contusion on the exterior of the body." Death was caused by the germ known as " Staphylococcus aureus " allegedly taken into the blood stream from an injury to a toe. The testimony of Dr. Brons that the point of entry of the germ to the body of deceased was the toe, and that the condition which he observed was the result of trauma, together with testimony of other witnesses as to deceased's attention to his toe, and the testimony of decedent's wife as to her observations and acts relative to the toe, raise an issue of fact for a jury. Lazansky, P. J., Scudder, Tompkins and Davis, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: The complaint was dismissed at the close of the plaintiff's case. There is no proof whatever that the insured's death was the result of injury caused by accidental means. The evidence adduced by plaintiff is to the contrary. In that respect this case differs from *Lewis* v. *Ocean Acc. & G. Corp.* (224 N. Y. 18). There it was held that the evidence was sufficient to justify a finding of fact that the injury was caused by accidental means, since the physician testified that on examination he found

a punctured wound. Here the doctor testified repeatedly that he found no injury at all, and that he assumed that the condition of the insured's toe was due to trauma only because of what the deceased told him. What the deceased told him is not in the record.