ANSHEL HOENIG, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, September 30, 1935.

*Joseph Miller*, for the plaintiff.

*Louis H. Cooks*, for the defendant.

GENUNG, J.   The defendant issued its policy insuring the life of plaintiff's wife, plaintiff being named as beneficiary, and agreed to pay as " double indemnity " $1,000 if " the death of the insured * * * resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause."

The insured administered an enema to herself which caused a traumatic rupture of the intestine and waste matter seeped through causing an inflammation of the peritoneum. Death resulted from " Rupture of sigmoid colon; Peritonitis."

Defendant resists payment claiming that death was not caused by " accident " within the meaning of the policy.

The terms of the policy " are to be understood in their plain, ordinary and popular sense. (*Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452; *Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234.) " (*Auerbach* v. *Maryland Cas. Co.*, 236 N. Y. 247, 252.) " The tests to be applied are those of common understanding as revealed in common speech. * * * We little doubt that common understanding would envisage this mishap as an accident, and that common speech would so describe it." (*Matter of Connelly*, 240 N. Y. 83, 85.)

In *Lewis* v. *Ocean Accident & Guarantee Corp.* (224 N. Y. 18) the policy insured against injuries received through " accidental means." There insured had a pimple on his lip which he punctured. It became infected and despite the efforts of a physician, the infection spread, the insured became paralyzed and blind and shortly thereafter died. It was held that the defendant was liable under the policy; that the death occurred " from bodily injuries effected solely through accidental means." As in that case " unexpected consequences have resulted from an act which seemed trivial and innocent in the doing " (p. 20), viz., the puncture of the pimple, so in the case at bar the innocent act of taking an enema resulted in the unexpected consequence of a rupture of the intestine. Similarly in *Schwartz* v. *Coml. Trav. M. A. of A.* (132 Misc. 200; affd., 227 App. Div. 711; affd., 254 N. Y. 523) it was held that a hemorrhage caused by plaintiff picking at an irritation in his nose, was covered by a policy limiting liabilities to " accidental " injuries.

The case of *Gould* v. *Travelers Ins. Co.* (244 App. Div. 274) is not in point. There, there was no proof of trauma.

Judgment for plaintiff. Ten days' stay.