## AMERICAN NAT. INS. CO. OF GALVESTON, TEX., v. BELCH.

No. 4327.

Circuit Court of Appeals, Fourth Circuit.

June 15, 1938.

On Rehearing Nov. 29, 1938.

Robert F. McMurran, of Portsmouth, Va., for appellant.

Leon T. Seawell, of Norfolk, Va. (Lawrence W. I'Anson, of Portsmouth, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

This action by the beneficiary named in a life insurance policy in the sum of $3,000 which was removed to the District Court on the ground of diverse citizenship, is based upon a rider attached to the policy in which the Insurance Company agreed to pay $6,000 in the event of the death of Clarence John Belch, the insured, being caused by bodily injuries effected exclusively and wholly by external, violent and accidental means, occurring within sixty days after the injury and before the insured reached the age of sixty years. The evidence showed that death occurred under most distressing and unexpected circumstances. A child of the insured was a patient in the hospital and was in need of a blood transfusion. The father, then thirty-four years of age, finding that his blood was suitable, submitted himself for the purpose. He went to the hospital and walked up three flights of stairs to the operating room. The physician took his blood pressure, examined his heart and found him to be normal. He then took off his coat and lay down upon the operating table. The physician washed the insured's arm with antiseptic, applied a tourniquet and injected a needle into a vein, whereupon, before a tablespoon of blood had been withdrawn, the insured died. The undisputed evidence is that the insured was in good health at the time, that the operation was performed according to the customary and approved routine, that every act of the doctor and of the insured was voluntary and intentional, and that nothing unforeseen, unusual or accidental occurred in the manner in which the operation was performed. In short, although the death was a totally unexpected result, the acts which preceded it were done with due care and with specific intent. It was the opinion of the physician who testified for the plaintiff, that the death was caused by shock although he was not certain that it was not caused by heart failure.

At the conclusion of the evidence, the defendant moved the court for a directed verdict on the ground that the plaintiff had failed to show that the death was caused by bodily injuries effected exclusively and wholly by external, violent and accidental means; but the judge, without objection of either party, allowed the case to go to the jury with the understanding that the point raised by the defendant should be reserved for further consideration after the verdict. The jury found for the plaintiff and thereafter the judge, having considered the matter in a carefully prepared opinion, directed that judgment be entered thereon for the plaintiff in the usual course.

In so doing, the judge referred to the opinion of this court in Mutual Life Ins.

Co. v. Dodge, 4 Cir., 11 F.2d 486, 59 A.L.R. 1290, wherein it was held that the death of an insured from a local administration of novocaine preliminary to a tonsillectomy caused by the hypersusceptibility of the insured to the drug, was a death by accidental means within the meaning of a clause in an accident policy of similar import to that now under consideration. In reaching this result we cited with approval the reasoning of Judge Sanborn in Western Commercial Travelers' Ass'n v. Smith, 8 Cir., 85 F. 401, 40 L.R.A. 653, that an effect which is not the natural and probable consequences of the means producing it, and is not intended, and cannot be reasonably anticipated, is produced by accidental means; but in Landress v. Phoenix Mutual Life Ins. Co., 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, 90 A.L.R. 1382, the Supreme Court, Mr. Justice Cardozo dissenting, reviewed the authorities and disapproved the decision in the Dodge Case, holding that it is not enough to establish liability in such a case that death is accidental in the understanding of the average man, but that the distinction between accidental means and accidental result must be recognized, so that liability exists only if the bodily injury, though unforeseen, is effected by means which are external and accidental.

■■ The law of Virginia, as declared by its legislature or by its highest court, is decisive in a case of this kind under the doctrine recently announced in Erie R. Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; and it becomes our duty to "search for and apply the entire body of substantive law governing an identical action in the state courts". Ruhlin v. New York Life Ins. Co., 58 S.Ct. 860, 862, 82 L.Ed. 1290. But no statute or decision of the state has been found which bears upon the question involved. It is true that our decision in Mutual Life Ins. Co. v. Dodge, supra, is referred to with apparent approval in the decision of the Supreme Court of Virginia in Newsoms v. Commercial Casualty Ins. Co., 147 Va. 471, 137 S.E. 456, 52 A.L.R. 363; but in that case death resulted from ptomaine poisoning due to the unintentional consumption of tainted food and was therefore caused by accidental means as those words are defined by the Supreme Court of the United States. Under these circumstances we follow the rule laid down by the Supreme Court in Landress v. Phoenix Mutual Life Ins. Co., supra, and since it is clear that in the instant case death was not produced by accidental means as there defined, the judgment of the District Court must be reversed.

Reversed.

## On Rehearing.

■ After the foregoing opinion was rendered, a petition for rehearing was filed on behalf of the beneficiary named in the policy on the ground that search by her counsel subsequent to the argument in this court had disclosed the decision of the Supreme Court of Appeals of Virginia in Ocean Accident & Guarantee Corp. v. Glover, 165 Va. 283, 182 S.E. 221. Since that decision throws light on the question at issue in the pending case, a rehearing was granted.

The policy in the cited case covered loss or liability resulting from bodily injuries effected exclusively by external, violent and accidental means; and the insured died from septicaemia caused by an infection carried into the blood stream when he picked a pimple or boil inside his nose with a knife or needle. The court held that the death of the insured was effected by accidental means within the coverage clause of the policy. The decision was based upon the idea that the word "accidental" in the policy, was used in the ordinary and popular sense as meaning "happening by chance or not according to the usual course of things"; and since septicaemia was not the probable consequence of the insured's act, recovery under the policy was justified.

Notwithstanding this decision, the appellant Insurance Company insists that the distinction between accidental means and accidental result, recognized and applied by the Supreme Court in Landress v. Phoenix Ins. Co., 291 U.S. 491, 54 S.St. 461, 78 L.Ed. 934, 90 A.L.R. 1382, should always be borne in mind, and when this is done there is no inconsistency between our opinion in the instant case and the holding of the Virginia court in Ocean Accident & Guarantee Corp. v. Glover, supra. In the pending case, it is said, the only unexpected and unlooked for circumstance was the result, that is, the sudden death of the insured following the transfusion, whereas in the Glover Case the means whereby the injury and death of the insured was produced may be fairly regarded as accidental because death following the totally unintended and unexpected introduction of a germ into the body of the insured.

It is not entirely clear that the distinction is a valid one, because the insured in the Glover Case voluntarily exposed himself to the risk of infection involved in picking the boil with a sharp instrument. But even if the means thus employed may be correctly described as accidental, it does not follow that we should adhere to the opinion on file. There are two lines of thought on the subject under discussion. Under one, exemplified by the prevailing opinion of Mr. Justice Stone in Landress v. Phoenix Ins. Co., supra, relating to a case of sunstroke suffered by the insured when playing golf under normal conditions, it is held not enough to establish liability under a policy like that now before us that the injury was accidental within the understanding of the average man, in that the result, as distinguished from the means, was something unforeseen or extraordinary. Under the other theory, exemplified by the dissenting opinion of Mr. Justice Cardozo in Landress v. Phoenix Ins. Co., supra, and by the opinion of Judge Parker of this court in Mutual Life Ins. Co. v. Dodge, 4 Cir., 11 F.2d 486, 59 A.L.R. 1290, it is held that a result which is not the natural or probable consequence of the means which produced it, and which the actor did not intend to produce, is produced by accidental means.

The crucial inquiry at this time is to ascertain which theory has found favor in the eyes of the Supreme Court of Appeals of Virginia. It seems clear to us from its opinion in Ocean Accident & Guarantee Corp. v. Glover, supra, that the court has adopted the latter theory. It quotes at length from the decision of Mr. Justice Cardozo, while a member of the Court of Appeals of New York, in Lewis v. Ocean Accident & Guarantee Corp., 224 N.Y. 18, 120 N.E. 56, 7 A.L.R. 1129, in which the Justice announced the same view subsequently expressed in his dissenting opinion in the Landress Case; namely, that in fixing the meaning of the terms of a contract of accident insurance, the interpretation must be that of the average man who would say that a death has been caused by accidental means, when the deceased died in such a way that his death is spoken of as an accident; and that the distinction between the accidental results and accidental means cannot survive, if we apply the rule that ambiguities and uncertainties in a policy of insurance must be resolved against the company.

In view of the more recent expression from the Supreme Court of Appeals of Virginia, its approval in Newsoms v. Commercial Casualty Ins. Co., 147 Va. 471, 137 S.E. 456, 52 A.L.R. 363, of our opinion in Mutual Life Ins. Co. v. Dodge, supra, also takes on a new significance. In the case last named the insured died as the result of an administration of novacaine preliminary to an operation for the removal of his tonsils; so that, as in the pending case, an extraordinary and unusual peculiarity of the insured led to his death upon the performance of a voluntary act which, in the usual and natural course of things, would not have brought about a fatal result.

Having reached this conclusion as to the law of Virginia, it becomes our duty to withdraw the opinion on file and to affirm the judgment of the District Court.

Affirmed.