Glee M. MORRISON and Val K.
Morrison, Plaintiffs-Appellees,

v.

Naomi BRADLEY, Defendant-Appellant.

No. 78–1228.

Colorado Court of Appeals,
Div. II.

Aug. 21, 1980.

Rehearing Denied Sept. 25, 1980.

Certiorari Granted Dec. 15, 1980.

Richard L. Ott, Kathleen Cronan, Denver, for plaintiffs-appellees.

Maurice Knaizer, Sara Allen, Denver, for defendant-appellant.

ENOCH, Chief Judge.

This is a wrongful death action by the deceased's daughter and son, Glee M. Morrison and Val K. Morrison. As a defense, defendant, Naomi Bradley, alleged negligence of the deceased. The jury found deceased 40% negligent, and defendant 60% negligent. A gross damage award of $30,000 was returned for the son, and $1,100 for the daughter. The damage awards were reduced by the percent of negligence, and judgment was entered for plaintiffs for $18,000 and $660 respectively. Defendant appeals, challenging the determination of liability, and arguing in the alternative that the damages awarded to the son are excessive. We affirm in part and reverse in part.

Defendant testified that she and the deceased first met in 1965, that from 1974 to 1976 she was struck or threatened by the deceased at various times, and that he severely beat her on September 19, 1976. The following day at the racetrack office where both were employed, the deceased struck her on the chin with his fist, causing her to stagger from the office. She returned a moment later with a gun and shot him.

The thrust of defendant's case is that she was an abused woman whose actions were caused by a long series of episodes of her being beaten by deceased, which she refers to as a "battered woman syndrome." The parties have cited no cases and we find none where this theory has been advanced as a defense in a wrongful death action. We neither accept nor reject the validity of the general theory. However, insofar as it would require a change in the rules of evidence in a wrongful death action based on negligence, we decline to apply it in this case. *Compare State v. Wanrow*, 88 Wash.2d 221, 559 P.2d 548 (1977) *with McMorris v. State*, 58 Wis.2d 144, 205 N.W.2d 559 (1973).

Defendant contends that the court erred in excluding, as too remote, her testimony concerning her relationship with deceased in the early years of their relationship. We agree with the court's ruling.

█ The decision as to whether evidence is remote, and therefore should be excluded, is in the sound discretion of the trial court. *Simonton v. Continental Casualty Insurance*, 32 Colo.App. 138, 507 P.2d 1132 (1973). We find no abuse of discretion as there is no indication that the events of earlier years would have added anything of probative value to the case, or differed substantially from evidence allowed as to the relationship during the two or three years prior to the shooting.

■ Defendant next contends that the court erred in limiting the testimony of a psychologist called as a defense witness. We find no error.

The basis of defendant's defense was that she was "psychologically trapped" in a relationship from which she could not escape. She testified at length that over the years she had become extremely fearful of the deceased. To explain and corroborate the existence of her fears she called nine witnesses to testify to the fear she had expressed to them. One of those called was her psychologist, who was allowed to testify in considerable detail as to the emotional state of defendant and the causes of her condition, based on his interpretation of the facts as she had related them to him. He was also allowed to testify to the role of the man in a battering situation. However, sustaining plaintiffs' objection, the court would not allow the psychologist to testify concerning his opinion of whether the deceased was "conscious of the actions he was taking." It is this limitation which defendant claims is reversible error.

Plaintiff made no offer of proof as to the excluded testimony, which precludes a review of whether this alleged error was prejudicial *American National Bank v. Quad Construction, Inc.*, 31 Colo.App. 373, 504 P.2d 1113 (1972).

■ We find no merit in defendant's contention that the court should have allowed two of her friends to testify as to conversations which she had with them concerning her relationship with the deceased. Defendant now contends that the testimony was admissible because it was relevant to show her state of mind, which had bearing on the reasonableness of her later conduct. Even if we were to agree that the suggested testimony may have been admissible, there was again no offer of proof; thus, this court cannot determine whether the claimed error was prejudicial. *American National Bank v. Quad Construction, Inc., supra.*

■ Defendant also contends that the court should have allowed her sister's testimony as to what defendants said to her on September 19, 1976, after having been beaten by the deceased. This testimony concerned a conversation that defendant had with the deceased. Conceding that this would have been hearsay, defendant claims it was admissible under the res gestae exception. We find no error in the court's refusal to allow this evidence.

The record does not disclose the actual elapse of time between the beating and the statement defendant made to her sister, but it is known that the beating took place at the deceased's home in Commerce City, and that the conversation between defendant and her sister took place later that day in East Denver. Because of the lapse of time, we cannot say as a matter of law that the trial court abused its discretion. *See Stahl v. Cooper*, 117 Colo. 468, 190 P.2d 891 (1948).

Defendant finally contends that the gross damages of $30,000 awarded to the son are excessive. Considering the probative evidence, we agree.

■ Damages in a wrongful death action must be limited to the net pecuniary loss suffered by the survivor. *Pierce v. Connors*, 20 Colo. 178, 37 P. 721 (1894); *Good v. A. B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977); *Colo. J. I.* 10:3. There must be some prima facie evidence to establish the pecuniary loss. *Rigot v. Conda*, 134 Colo. 375, 304 P.2d 629 (1956). And the proof must establish the damages with at least a reasonable degree of certainty. *Herbertson v. Russell*, 150 Colo. 110, 371 P.2d 422 (1962); *Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

The son was 16 years and 10 months old at the time of his father's death. The only evidence of pecuniary assistance actually rendered by the deceased to the son was of shelter, food, clothing, other necessities and occasional use of the deceased's car. Deceased's income was $8,243 yearly, plus job benefits which included free housing, utilities, and the use of a vehicle. There was no evidence as to the deceased's personal expenses, and thus no way to estimate what amount, if any, would have been available for future expenditures on the son.

The trial court erred in not excluding from consideration the hearsay testimony of the son, allowed over objection, that his father had told him that he "was going to pay for my schooling" as a heavy equipment operator, and also was going to purchase a truck for him.

An out-of-court declaration may be admissible as relevant to the state of mind of the declarant, even where the statement is a direct assertion of intent, if the state of mind is directly in issue or if the declaration would corroborate evidence on material issues. *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 606 (1891). Although the state of mind of the father was relevant, the material issue here was the damages, if any, suffered by the son. The challenged testimony should have been excluded because when considered along with other evidence of the proved earning ability of deceased, this testimony had no corroborating effect.

Even if we consider that the jury could have assigned a dollar value to the loss of companionship and guidance that the son may have suffered, we hold that the evidence here was insufficient to allow the jury to determine, with a reasonable degree of certainty, that his pecuniary loss amounted to $30,000. Because the excessive verdict was in all likelihood influenced by consideration of the inadmissible hearsay evidence, the verdict on his damages must be reversed.

On retrial, Colorado Rules of Evidence 803(3) will apply. This rule was adopted in a form identical to Fed.R.Evid. 803(3). Although the Colorado rule contains no comments, the comments of the House Committee on the Judiciary at the adoption of the federal rule in 1975 indicate that the rule should be construed to render admissible statements of a declarant where offered to prove his future conduct, but not the future conduct of another person. H.R.No.93–650, to accompany H.R.5463, Pub.L.93–595 pp. 13–14.

This committee comment indicates that the rule was intended to limit a broad application of the rule announced in *Mutual Life Insurance Co. v. Hillmon, supra*. However, the limitation was not directed to the specific *Hillmon* holding applicable here. And, our interpretation is consistent with federal case law interpretations of the federal rule since its adoption. *See United States v. Cosby*, 601 F.2d 754 (5th Cir. 1979); *Baughman v. Cooper-Jarrett, Inc.*, 530 F.2d 529 (3d Cir. 1976), *cert. denied*, 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87, *remanded*, 79 F.R.D. 520, *rev'd on other grounds*, 583 F.2d 1208 (3d Cir. 1978).

In effect, it appears that federal case law on the issue in question was not changed by the adoption of the federal rule.

Because Colorado Rules of Evidence 803(3) was adopted in form identical to the federal rule, we here adopt the federal interpretation of that rule as set forth in the comments and federal case law cited above. The result is that the holding in this case as to the admissibility of the evidence in question would be the same under the new Colorado rule. Thus, on retrial, in order for these hearsay statements to be admissible, there must be additional evidence tending to show that the father's financial ability was such that his probable future earnings would be consistent with his allegedly announced intent to provide the education and transportation as claimed by the son.

The judgment is affirmed, except as to the amount of damages awarded to Val Keith Morrison. That portion of the judgment is reversed, and the cause is remanded for a new trial on damages only for Val Keith Morrison.

COYTE and RULAND, JJ., concur.