Meyer, J.
(dissenting). I am unable to accept a rationale which, purportedly in the interest of the insured in other situations, deprives these plaintiffs insureds of one half the coverage for which they paid their premium to North River, because New York Property, which had issued a binder to them, gave a late but wholly unnecessary notice of cancellation to insureds and the insureds never gave notice of cancellation to New York Property. The binder, which must be construed in accordance with “common speech” and as would an “average man” (Lewis v Ocean Acc. & Guar. Corp., 224 NY 18, 21), expired by its own terms for nonpayment of premium prior to plaintiffs’ fire losses. North River should not be permitted to avoid payment of the full loss which its policy admittedly covered on the pretense that the New York Property binder was still in effect at the time of loss. I, therefore, dissent.
I do not blink the fact that New York Property sent a notice of cancellation after the first fire. Whether by mistake or out of an excess of caution, the notice was wholly unnecessary and, therefore, simply surplusage. The binder was explicit that “The insurance coverage described on the *723 front side of this form is binding by a licensed insurer commencing at noon standard time on the effective date shown at the upper right front side of this form, for one year unless sooner cancelled, expired or replaced by a policy. This binder will expire if payment of total premium is not made within 30 days after Notice of Approval and Premium Due is issued in which event the excess of the premium paid, if any, for the period the insurance was in effect will be refunded” (emphasis supplied). The standard policy mandated by section 168 of the Insurance Law speaks to cancellation, not expiration, in the following language: “This policy shall be cancelled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company by giving to the insured a. five days’ written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time.”
There is no question that plaintiffs never paid the required premium to New York Property. Plaintiffs did not do so because North River issued its policy to them for a lesser premium on the very day the New York Property binder expired under the language quoted above. There is also no question that the common speech of average men differentiates between cancellation and expiration. “Cancellation” we are told by Webster’s Third New International Dictionary (p 325) means “the act of * * * nullifying or invalidating * * * the termination by the insured or the insurer or both of insurance in accordance with the specified terms of a policy”. “Expiration” means (id., p 801) “the fact of coming to an end”.
Indeed, until 1970 section 168 itself recognized the difference, for it contained until repealed in that year, as subdivision 3, the following language: “Binders or other contracts for temporary insurance may be made, orally or in writing, for a period which shall not exceed sixty days, and shall be deemed to include all the terms of such standard fire insurance policy and all such applicable endorsements, approved by the superintendent, as may be *724 designated in such contract of temporary insurance; except that the cancellation clause of such standard fire insurance policy, and the clause thereof specifying the hour of the day at which the insurance shall commence, may be superseded by the express terms of such contract of temporary insurance” (emphasis supplied). The repeal of that provision came about at the request of the Greater New York Insurance Brokers’ Association, Inc., whose memorandum accompanying the bill (NY Legis Ann, 1970, pp 324-325) shows that repeal was requested to eliminate the 60-day limitation on fire insurance binders, a limitation which did not apply to other types of insurance. Nothing in the history of the repealer suggests that the express terms of the binder were intended to be subject to the cancellation clause of the standard policy. At most the absence of any limiting provision concerning binders in section 168 left New York Property free to differentiate in its binder between cancellation and expiration.
Certainly there was no reason for plaintiffs to believe that they had to ask for cancellation of the New York Property policy or that they had any claim against New York Property to which they had never paid a premium and which by its notice of cancellation had made evident its concurrence in the conception that plaintiffs had no claim against it. To penalize plaintiffs by permitting North River now to renege on the payment of one half the loss for no reason other than that plaintiffs made no claim against New York Property on the binder on which plaintiffs never could have collected is simply beyond my comprehension.
I would reverse and reinstate the Supreme Court order.
Judgment affirmed, etc.