LAWRENCE PRESS, Plaintiff, *v.* GEORGE M. DRAPER, Defendant.

Supreme Court, New York County, December 29, 1930.

*Oscar Schleiff*, for the plaintiff.

*A. Reiss*, for the defendant.

CALLAHAN, J. Action for breach of promise of marriage. The defendant moves to dismiss the complaint on the ground that the cause of action did not accrue within six years and is thus barred by

the ·Statute of Limitations (Civ. Prac. Act, § 48). This motion is one made pursuant to rule 107 of the Rules of Civil Practice, and affidavits may be considered. In order, however, to have the court grant such motion, it must so clearly appear as to be without substantial dispute that the cause of action is barred. Issues of fact cannot be tried on affidavit on such a motion. The affidavits herein would raise such an issue.

The sole question then is whether the complaint itself shows the cause barred. The plaintiff alleges that the promise to marry was made in March, 1923, and the defendant promised to marry plaintiff in a reasonable time thereafter. It later states that the defendant's promise to marry was ratified and reaffirmed at divers times thereafter. The action was apparently started some time after November, 1930. Assuming that the complaint does not allege a contract to marry made later than March, 1923, the contract entered into on that date was for a marriage to be consummated in a reasonable time. It does not necessarily appear that more than a reasonable time elapsed prior to a date six years before the commencement of the action, especially in view of the allegations of reaffirmance. What was a reasonable time is a question of fact, and such reaffirmance might satisfy the triers of the facts that a longer period than one year and eight months was reasonable. This cause of action did not accrue on the date of the making of the contract, but the date of its breach, and the statute would not begin to run until such breach occurred (Schouler Dom. Rel. § 1295; 9 C. J. 337; *Thrush* v. *Fullhart*, [C. C. A.] 210 Fed. 1), or where, as here, the defendant was already married at the time plaintiff learned of his inability to perform. (*Kerns* v. *Hagenbuchle*, 60 N. Y. Super. Ct. 222.) In *Pearce* v. *Stace* (207 N. Y. 506, 510) the Court of Appeals approved as correctly stating the law the trial court's charge to the jury that "if the promise was kept alive so that by mutual consent it stood as originally made, except its time of fulfillment was extended, that the Statute of Limitations would not begin to run against it until there was an ending and passing by of the time of the fulfillment." Under the circumstances, it does not appear with sufficient clarity that the cause of action is barred.

Motion denied, with leave to defendant to answer in ten days after service of a copy of this order ·on his attorney.