GLOBE INDEMNITY COMPANY, Respondent, v. STERLING STEWART CORP. and Others, Defendants, and SAM RANZO, Appellant.— Judgment affirmed, with costs. Memorandum: The question is presented whether a policy of workmen's compensation and employers' liability insurance issued by the plaintiff-insurer covers a claim by an employee for personal injuries alleged to have resulted from silicosis. The plaintiff-insurer has thus far successfully maintained that its policy here in suit — which is the standard form for such insurance — applies only to injuries resulting from accidents occurring during the period of coverage and that within the terms of its insurance contract, the onset of silicosis is not an accidental personal injury. Believing that the Special Term was justified, upon the pleadings and as a matter of discretion, in dealing with the issues by means of the remedy afforded by declaratory judgment (*James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Woollard* v. *Schaffer Stores Co.,* 272 id. 304, 311, 312), we affirm the declaratory judgment upon the reasoning of the opinion by Larkin, J., in *Utica Mutual Insurance Co.* v. *Hamera* (162 Misc. 169). All concur. (The judgment is for plaintiff in an action for a declaratory judgment to determine the coverage of a liability insurance policy.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

AGNES E. HOARD, Appellant, Respondent, v. FLORIDA B. LUTHER, Individually and as Executor, etc., of JOHN J. L. FRIEDERICH, Deceased, and Others, Respondents, Appellants.— Judgment affirmed, without costs of this appeal to any party. Memorandum: We are of the opinion — in this proceeding under section 1083-a of the Civil Practice Act to determine the amount, if any, of a deficiency judgment to which plaintiff is entitled — that the evidence, as to the cost of construction of an adjoining apartment house and the amounts of gross and net rents therefrom received, does not fall within any exception to the general rule against the admissibility of such proof on direct examination. We, therefore, disregard this evidence and determine that, upon the remaining proofs in the record, the fair and reasonable market value of the mortgaged premises, at the time of the foreclosure sale, was $40,000. All concur. (The judgment awards plaintiff a deficiency judgment in a mortgage foreclosure action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ. [See 251 App. Div. 692.]