New Amsterdam Casualty Company, Plaintiff, *v.* Albert B. Kirschenbaum et al., Defendants.

Supreme Court, Special Term, Kings County, December 16, 1948.

*Gates, Levitt & Notkins* for Atlantic Funeral Service, Inc., and another, defendants.

*Arthur Weiss* for Albert B. Kirschenbaum, defendant.

*Frederick Mellor* for plaintiff.

FROESSEL, J. The defendants Atlantic Funeral Service, Inc., and Kirschenbaum Brothers, Inc., jointly move to dismiss the complaint herein upon the following grounds: (a) That it is legally insufficient; (b) that the court should decline to accept jurisdiction and to pronounce a declaratory judgment with regard to the alleged controversy described in the complaint for reasons indicated; (c) that the court has no jurisdiction of the subject of the action; and (d) for such other and further relief as may seem just and proper. The individual defendant likewise moves to dismiss the complaint for legal insufficiency and this court's alleged lack of jurisdiction over the subject matter of the action, and on the following grounds which are also embraced in the above subdivision (b) of his codefendants' motion: (1) That the plaintiff is obliged, through its assured, to seek the relief prayed for in its complaint by urging same in an existing action between this moving defendant and said assured, and (2) that the plaintiff, by its assumption of control of the defense of such pending action, is estopped to dispute coverage under the policy of liability insurance referred to in the complaint.

The facts are as follows. The plaintiff issued to the corporate defendants two policies of insurance, one for automobile liability and the other for workmen's compensation. The name of the insured in the first-mentioned policy was set forth as Atlantic Funeral Service, Inc., and Kirschenbaum Brothers, Inc., and in said policy the occupation of the named assured was specified as " Funeral Service." The same defendants were set forth as the " employer " in the workmen's compensation policy. The classification of operations thereunder was set forth as follows:

" Automobile Livery Company All Employees — including Chauffeurs and their helpers.

" Funeral Directors — Classified as Undertakers — including driver, chauffeurs and their helpers.

" Clerical office employees."

The defendant, Albert B. Kirschenbaum, commenced an action in this court against the defendant Atlantic Funeral Service, Inc., and another, for personal injuries sustained while riding in a motor vehicle owned and operated by the defendant Atlantic Funeral Service, Inc., which allegedly was in collision with a

vehicle owned by the other defendant. The complaint alleges that representatives of the Atlantic Funeral Service, Inc., represented to an investigator in the plaintiff's office that the said Albert B. Kirschenbaum was an employee of Kirschenbaum Brothers, Inc., and on the basis of this information the plaintiff had a named attorney interpose an appearance and answer; that this action for personal injuries is presently pending and undisposed of; that the plaintiff herein subsequently procured questionnaires from the two corporate defendants which indicated that both corporations had the same officers (Meyer and Harry Kirschenbaum), and that plaintiff's investigation indicated that Albert B. Kirschenbaum was an employee of each corporation and was acting for both at the time of the accident, or was engaged in a joint venture for both or in behalf of either of them. By this present action, the plaintiff seeks a declaratory judgment to the effect that at the time of the accident, in which Albert B. Kirschenbaum suffered injuries, the latter was an employee and was acting on behalf of the business of both corporate defendants; that at the time of the accident he was engaged in an occupation classified as hazardous under the Workmen's Compensation Law of the State and entitled to compensation thereunder; that the accident above described was not covered by the automobile liability policy above referred to, and the plaintiff was and is not required to defend the action.

It is the contention of the moving defendants that the issue tendered in the present action may be disposed of in the personal injury action which Albert B. Kirschenbaum instituted as aforesaid, and that in any event the plaintiff is estopped by its conduct in relation to such pending action to raise the contentions presented in the instant action.

I am of the opinion that the issues presented in the present action cannot be completely and fully disposed of in the other suit, and that the question of estoppel, by reason of the plaintiff's undertaking the defense of that action, cannot be summarily determined, but should be pleaded in the answer and decided at the trial of the action in light of the facts as may then be developed. It has been held to be the better practice where there is a substantial dispute as to whether an action is barred by the Statute of Limitations, to permit that issue to be developed and determined upon a trial (*Press* v. *Draper,* 139 Misc. 263; *Flynn* v. *Royal Development Co.,* 37 N. Y. S. 2d 640, affd. 265 App. Div. 592), and so it will be the better practice in this case to permit the question of estoppel to be developed and determined at the trial.

It is well settled that a controversy such as is presented by the complaint in this case may be the proper subject for a declaratory judgment. (*Utica Mutual Ins. Co.* v. *Hamera,* 162 Misc. 169; *Globe Indemnity Co.* v. *Sterling Stewart Corp.,* 257 App. Div. 1027, affd. 283 N. Y. 582.) If the plaintiff should now refuse to defend the action brought by the individual defendant against the insured, a cause of action for breach of the insurer's covenant to defend may lie. (*Physical Culture Hotel, Inc.,* v. *Travelers Ins. Co.,* 270 App. Div. 1070.) Plaintiff need not be compelled to take the risk of refusing to defend the personal injury action, and thus subject itself to possible liability, when the essential question whether it is obligated to defend can be determined in this action, and before any damage can be sustained in the personal injury action.

The contention that the issues tendered by the plaintiff's complaint in this action could, by appropriate allegations in the answer of the insured, be disposed of in the personal injury action, is in my opinion without substance. The defendant Kirschenbaum Brothers, Inc., is not a party to that action, and there is grave doubt, to say the least, whether it may be made a party. Certainly there would be no question of " liability over " within the meaning of section 193-a of the Civil Practice Act, nor could a counterclaim be asserted under the provisions of section 271 of the Civil Practice Act, and since the serious issue of fact to be determined here will be as to whose employee the individual defendant was at the time of the accident in which he was injured, it would be a provident exercise of discretion for this court to entertain jurisdiction of this action for a declaratory judgment, in which not only the injured party is before the court, but the *two* corporate defendants, either one of whom, or both, is alleged to have employed said injured party at the time that the accident occurred, and to have been engaged in a joint enterprise.

For the foregoing reasons, both motions are denied, without prejudice to the assertion in the answers of the plea of estoppel, as indicated above.

Settle orders on notice.