NEW YORK CASUALTY COMPANY, Plaintiff, *v.* SALVATORE BARBIERI et al., Defendants.

Supreme Court, Trial Term, New York County, June 27, 1949.

*Frederick M. Garfield* and *Harold M. Harkavy* for plaintiff.

*Joshua S. Lev* and *Isidore Friedman* for Salvatore Barbieri, defendant.

DICKSTEIN, J.    On January 29, 1948, an action for wrongful death was commenced against Salvatore Barbieri in the Supreme Court, Kings County, by one Benny Blondo, as administrator of the goods, chattels and credits of Richard Blondo, deceased.    In the complaint in that action, it appears that Blondo was a tenant in premises owned by Barbieri, and that Blondo resided in said premises with members of his family.    It is charged in that complaint that for a period from about December 30, 1947, to and including January 10, 1948, Barbieri failed and neglected to provide Blondo's apartment with sufficient and proper heat and, that by reason of such neglect, Blondo's infant son, two and one-half years of age, became ill with a severe cold, which thereafter developed into pneumonia, and that the child died after an illness of two weeks.

As the owner of a multiple dwelling, Barbieri had, on February 6, 1946, obtained a policy of insurance from New York Casualty Company (plaintiff in the instant action).    The policy of insurance, known as a " Schedule Owners', Landlords' and Tenants' Liability Policy ", was renewed annually and a policy was in existence covering the period from January 29, 1947, to January 29, 1948.

Upon being served with process in the Kings County action, Barbieri notified the insurance company and demanded that it take over and assume the defense thereof. By letter dated February 19, 1948, the insurance company advised Barbieri that it would be necessary for him to employ his own attorney to defend him in the death action, since the cause of action set forth in the complaint therein did not fall within the coverage provisions of the policy. Specifically, the insurance company advised Barbieri that the company was obliged to pay for damages because of bodily injury, sickness, disease or death resulting therefrom, sustained by any person " caused by accident and arising out of the hazards " defined in the policy.

Disclaimer of coverage was made on the basis of the allegations of the complaint in the death action, which the insurance company contended did not set forth a cause of action to recover damages for sickness, disease or death " caused by accident ", as defined in the policy.

Thereupon the insurance carrier commenced the instant suit, pursuant to section 473 of the Civil Practice Act, for a declaratory judgment that plaintiff was not obligated under the policy of liability insurance to defend on behalf of Barbieri the death action in Kings County and that the claim asserted in the death action is not covered by the policy.

At the threshold of consideration, the court is met with the plea to refuse jurisdiction, in the exercise of its discretion, on the grounds that the action for declaratory judgment is prematurely brought, that a decision in such action might prejudice the assured, and that plaintiff has an adequate remedy at law.

In a recent study, " Developments of Law—Declaratory Judgments 1941–1949 " (62 Harv. L. Rev. 787–885) a comprehensive survey is made of the use of the remedy of declaratory judgments in the courts of this country since the publication of Borchard's Declaratory Judgments (2d ed.) in 1941. In dealing with the remedy of declaratory judgments with respect to rights under insurance policies, the authors of the study in the Harvard Law Review have this to say (p. 850) : " Declaratory judgments have probably been sought more often in insurance litigation than in any other field. To the insured, the expectation that the insurer will perform its obligations may be as important as the performance itself. The declaratory judgment offers a desirable procedure to remove uncertainty as to the continued binding effect of the policy. More often, however, it is the insurer who seeks a declaration. A liability insurer, for example, believing that a third person's claim is not covered by the policy, is usually

placed in a dilemma, not knowing whether it is bound to defend the claimant's suit against the assured. To defend the liability suit would be expensive, and might be considered a waiver of its defense of noncoverage. If it fails to defend, the assured may not do so adequately. Meanwhile minimum reserves must be kept on hand to meet the claim, and it becomes increasingly difficult to preserve evidence of noncoverage. The insurer can resolve its uncertainty only by seeking a declaratory judgment as to coverage.''

For the reasons above stated and others, courts in this State have permitted declaratory judgments in actions involving insurance policies (*Post* v. *Metropolitan Cas. Ins. Co.,* 227 App. Div. 156, affd. 254 N. Y. 541; *Fidelity & Cas. Co.* v. *Groth,* 47 N. Y. S. 2d 68; *New Amsterdam Cas. Co.* v. *Kirschenbaum,* 194 Misc. 104; *Utica Mut. Ins. Co.* v. *Hamera,* 162 Misc. 169).

The assured urges here that another remedy is available to plaintiff, since it can await the outcome of the Kings County litigation. But, as indicated above, such procedure is fraught with the danger of refusing to defend that action and subjecting itself to possible liability. A justiciable controversy between the assured and insurer exists as to coverage because of the institution of the Kings County action. Furthermore, the question of coverage cannot be directly raised in the death action. The case of *General Accident Fire & Life Assur. Corp.* v. *Becker* (252 App. Div. 556) relied on by defendant, is consequently readily distinguishable. There the insurance company commenced an action for a declaratory judgment while another action on the policy was pending against it by one of the defendants. The court properly held that since the insurance company could in the existing action set up as defenses the matter relied on in its declaratory judgment action, there was no necessity for any declaratory judgment since all the issues could be determined in the pending suit. However, in the instant action there is no suit pending in which the insurer can present the issue of coverage, and a declaratory judgment is both necessary and proper to determine that issue.

Since the court is being called upon here to declare the rights of the parties as they now exist, no weight can be given defendant's argument that the complaint in the death action may be amended to include allegations of death caused by means falling within the coverage of the policy. Only if and when any such amendment occurs, will the question be properly before the court.

Consequently, I conclude that this case is one in which the court should exercise its discretion in rendering a declaratory judgment. Upon the merits, I find that under the allegations of the complaint in the death action in Kings County it appears that death was not caused by accident and therefore plaintiff herein is not obligated to defend Barbieri in that action or pay any judgment that may be obtained against him.

Was the disease, as alleged in the complaint in the death action, caused by " accident "? In *Jackson* v. *Employers' Liability Assur. Corp.* (139 Misc. 686, affd. 234 App. Div. 893, affd. 259 N. Y. 559) it was also alleged that an infant had died as a result of failure to supply heat to an apartment. After a judgment had been recovered against the owner of the apartment house by the plaintiff in the death action, suit was brought against the insurer. It was held that the deceased infant did not die by reason of " accident " within the meaning of the policy of insurance. Similarly in the Blondo complaint in the Kings County action, the failure of the defendant there to furnish proper heat is alleged to have persisted for a period of about eleven days, during which period the infant contracted a cold which developed into pneumonia, from which he died. These facts relate to conditions which developed and progressed and not to an event of a sudden and instant happening. In the *Jackson* case (*supra,* p. 689) the court said: " The word ' accident,' in the point of view of the average man, conveys a sudden and instant happening, an event of the moment rather than a condition which continues to develop, progress and change through a period of time." (See, also, definition of " accident " in *Matter of Jeffreyes* v. *Sager Co.,* 198 App. Div. 446, affd. 233 N. Y. 535.) It is apparent here that the cause of the infant's death was not a specific occasion or event but was the sequel of a continuing process. It was therefore not accidental.

Consequently the claim in the complaint in the Kings County death action does not fall within the coverage provisions of the liability policy issued by plaintiff herein and plaintiff is therefore not required to furnish a defense in that action and cannot be held liable for any judgment which may be rendered against Barbieri in that action. Declaratory judgment should be granted accordingly as urged by plaintiff. Settle judgment.