GREATER NEW YORK TAXPAYERS MUTUAL INSURANCE ASSOCIATION, Plaintiff, *v.* ETHEL SCOTT et al., Defendants.

Supreme Court, Trial Term, New York County, October 10, 1949.

*Irving Segal* and *Alexander E. Rosenthal* for plaintiff.

*Benjamin Wilensky* for Ethel Scott, defendant.

VALENTE, J. The plaintiff insurance company seeks a declaratory judgment that it is not required under the policy of insurance it issued to the defendant Ethel Scott to defend the action brought against this defendant by the defendant Lillian Stein as administratrix of the estate of Sidney Stein, deceased. The plaintiff's contention is that the accident and injuries which resulted in the death of the said Sidney Stein do not come within

the coverage of the policy in question. The present litigation presents a case in which this court is justified in exercising its discretion to entertain this action for a declaratory judgment (*Utica Mut. Ins. Co.* v. *Hamera,* 162 Misc. 169; *Globe Ind. Co. v. Sterling Stewart Corp.,* 257 App. Div. 1027, affd. 283 N. Y. 582; *New Amsterdam Cas. Co.* v. *Kirschenbaum,* 194 Misc. 104; *New York Cas. Co.* v. *Barbieri,* 196 Misc. 203; Developments in the Law, Declaratory Judgments, 1941–1949, 62 Harv. Law Rev., pp. 787–885). By the terms of the policy issued by the plaintiff to the defendant the former agreed to pay on behalf of the insured '' all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages *  *  * because of bodily injury, sickness or disease including death at any time resulting therefrom, sustained by any person or persons, caused by accident arising out of the care, maintenance or operation of the premises herein insured.'' The policy contained a further provision, by way of exclusion, that '' it shall not cover any liability in respect of bodily injuries or death *  *  * (c) caused directly or indirectly by the erection, wrecking or demolition of or the making of additions to, or any structural changes or replacements in any building or structure or by the installation of elevators and other mechanical plants or equipment unless such operations are covered hereunder by written permit endorsed on the policy and an additional premium charged therefor  *  *  *.''

The action commenced by the defendant Lillian Stein as administratrix against the defendant Ethel Scott in this court seeks to recover damages for the death of one Sidney Stein, who concededly met with an accident while engaged in removing the old fire escapes attached to the building. Such removal of the old fire escapes was necessitated by the erection of new fire escapes in connection with alterations to the building and the evidence disclosed that the insured had filed with the department of housing and buildings plans for such alterations including the removal of the old fire escapes and the erection of new fire escapes and had received a permit from the department covering the doing of the work required for such removal and installation. It does not seem vitally important to the issues of the present litigation whether or not the contract between the insured and the iron works company of which the deceased was a part owner covered the demolition as well as the installation. The fact remains that the accident was caused directly or indirectly by the erection, wrecking or demolition of or the making of additions to, or structural changes and replacements in the

building covered by the policy issued by the plaintiff (*Robinson* v. *Globe Ind. Co.*, 251 App. Div. 288, 290). The injury and resultant death were not within the coverage of the policy issued by the plaintiff since no written permit has been indorsed on the policy and no additional premium had been paid by the insured.

The cases cited by the defendant Ethel Scott, of which that of the *Grand Union Co.* v. *General Acc. Fire & Life Assur. Corp.* (254 App. Div. 274, affd. 279 N. Y. 638) is typical, are not controlling on the problem presented by the present lawsuit. That case involved the submission of a controversy on an agreed state of facts after the complaint was held legally sufficient in the action brought to recover damages by reason of the insurance company failing to defend an action brought against the plaintiff for damages arising from the death of one Dennis Ford. The Appellate Division held that on the evidence the insurance company under the terms of the policy was obliged to defend the death action. In the case of *Goldberg* v. *Lumber Mut. Cas. Ins. Co.* (297 N. Y. 148), the natural and reasonable meaning of the terms of the policy was held to require the defendant insurance company to defend an action where the complaint therein alleged a state of facts covered by the policy. The case of *Pow-Well Plumbing & Heating Inc.*, v. *Merchants Mut. Cas. Co.*, (195 Misc. 251, 254) held that " The duty of the insurer to *defend* then, is determined by the terms of the policy and by the complaint in the negligence action against the insured. And that duty is not affected by the facts ascertained during the progress of the litigation, or by the outcome of the action. If the complaint in the negligence action shows a claim within the coverage of the policy, the insurer must defend on behalf of the insured." It will be noted that none of these cases cited by the defendant involve an action for a declaratory judgment.

The plaintiff having established that the accident does not come within the coverage of the policy is entitled to a judgment that it is not required under the policy of insurance issued to defendant Ethel Scott to defend the action brought against the latter by the defendant Lillian Stein as administratrix of the estate of Sidney Stein, deceased. The facts stated in the foregoing memorandum constitute the findings of the court.