Allstate Insurance Company, Appellant, v. Nat Passick et al., Defendants, and Liberty Mutual Insurance Co., Respondent.

Third Department, November 9, 1956.

392

*Chandler Y. Keller* for appellant.

*Martin F. Holleran, Jr.,* for respondent.

Coon, J. This action was brought by the plaintiff for a declaratory judgment seeking an adjudication as to the coverage by plaintiff of the defendants Passick under a liability insurance policy issued by it, and also seeking to determine the coverage of the defendants Passick by the defendant, Liberty Mutual Insurance Co., under a liability insurance policy issued by it.

The question of coverage in a controversy between an insurer and an insured is a proper subject for a declaratory judgment under section 473 of the Civil Practice Act. (*Post* v. *Metropolitan Cas. Ins. Co.,* 227 App. Div. 156, affd. 254 N. Y. 541; *Globe Ind. Co.* v. *Sterling Stewart Corp.,* 257 App. Div. 1027, affd. 283 N. Y. 582.) The defendants Passick apparently recognize this, because they have made no move to dismiss and have answered the complaint.

The complaint also seeks a determination of the question of coverage as between two insurance companies. The parties agree that there is no New York authority directly in point on the question presented. The plaintiff is entitled to an adjudication of the question only if there is a justiciable controversy between the parties. Otherwise the complaint should be dismissed. (*Wardrop Co.* v. *Fairfield Gardens,* 237 App. Div. 605.)

The essence of the material allegations of the complaint is: That during July and August, 1955 the defendant Nat Passick

owned a Buick automobile which was covered by a liability insurance policy issued by Liberty Mutual, which provided that any automobile purchased by the insured would be covered thereunder as an additional automobile, provided that all other automobiles then owned by him were insured with Liberty Mutual; that on July 6, 1955, Passick purchased an Oldsmobile automobile, and that on that date all other automobiles owned by him were insured with Liberty Mutual; that on July 7, 1955 plaintiff, Allstate Insurance Company, received an application from Nat Passick for the issuance of a liability insurance policy to cover a Chevrolet automobile, and that such a policy was issued; that said Nat Passick did not then own a Chevrolet automobile and that he never became insured by the plaintiff; that on July 6, 1955, when Nat Passick acquired the Oldsmobile automobile, the Liberty Mutual became the insurer thereof by virture of the "additional" automobile provision under its policy covering the Buick automobile, and that on August 8, 1955 said Oldsmobile automobile was involved in an accident which resulted in claims being made against the Passicks, and that the Passicks have called upon the plaintiff to defend the claims. It is not alleged that the Passicks have ever called upon Liberty Mutual to defend or assume liability.

The complaint also alleges certain false representations made by Nat Passick in his application to the plaintiff, and demands judgment that the plaintiff did not insure the Oldsmobile automobile at the time it was involved in the accident on August 8, 1955, and was under no duty to defend the Passicks or to pay any claims arising from said accident. The complaint then demands a further adjudication, which is in controversy here, that it be determined whether or not Liberty Mutual covered the Oldsmobile automobile involved in the accident.

As we view the complaint, the allegations therein do not seek or permit any adjudication of joint coverage, common coverage, or excess coverage. When the issue of coverage between the plaintiff and the Passicks has been determined there is no controversy remaining. If it be determined that plaintiff's policy covered the Oldsmobile, then plaintiff has no claim against Liberty Mutual under any allegation of the complaint. If it be determined that plaintiff's policy does not cover, then plaintiff has no legal interest whatever in the coverage of the Liberty Mutual policy. There is no privity between plaintiff and Liberty Mutual. The privilege of having its rights determined by a declaratory judgment may not be extended to include a privilege of having the rights of others determined when no direct and immediate right of the plaintiff is at stake. Defendant Liberty

Mutual should not be required to litigate the question of its coverage under a policy issued to Passick, at the instance of a third party, when Passick, the insured, has made no claim of such coverage.

In granting Liberty Mutual's motion to dismiss the complaint as to it, Justice TAYLOR stated in his memorandum: " Beneficially read from the plaintiff's viewpoint in the manner which the practice requires, the complaint pleads no facts from which the basis of a justiciable controversy arising from a present or prospective jural relationship between the pertinent insurance companies may be found or be fairly inferable." We think this statement is sound, and that the court properly granted the motion.

The judgment should be affirmed, with costs to respondent.

BERGAN, J. P., HALPERN, ZELLER and GIBSON, JJ., concur.

Judgment affirmed, with costs to respondent.