James J. Cónroy, J.
Motion by the defendant Charles De Cesare, Jr., to dismiss the complaint for legal insufficiency.
The plaintiff, who insured the automobile of the moving defendant, brings this action for a declaratory judgment that its assured breached his policy obligations to the plaintiff insofar as the co-operation clause thereof is concerned, and that, therefore, the plaintiff is not required to defend an action pending in the City Court of the City of New York, County of New York, and/or to pay any judgment or portion thereof that may be recovered therein. That action was brought by Charles De Cesare, Sr., and Agnes De Cesare, his wife, the parents of the assured, to recover damages for personal injuries sustained as the result of a collision between the automobile owned by the assured and the automobile owned by one James Fred Cunningham, and all of the parties to that action have been made parties defendant in the instant action for a declaratory judgment.
The complaint herein alleges, in substance, that the assured reported to the plaintiff that he was driving his own automobile at the time of the accident in question, whereas an eyewitness reported to the plaintiff that the assured’s father Charles De Cesare, Sr., who is one of the plaintiffs in the personal injury action, was operating the aforesaid automobile.
It is clear from the complaint that the answer to the question as to who was operating the automobile at the time of the accident will necessarily determine the question whether the assured co-operated or failed to co-operate with the plaintiff regarding the accident and the lawsuit' resulting therefrom and *592 the defense thereof. Under these circumstances, the court is of the opinion that a justiciable controversy exists warranting this action for a declaratory judgment under section 473 of the Civil Practice Act. (Post v. Metropolitan Cas. Ins. Co., 227 App. Div. 156, affd. 254 N. Y. 541; Globe Ind. Co. v. Sterling Stewart Corp., 257 App. Div. 1027, affd. 283 N. Y. 582; New Amsterdam Cas. Co. v. Kirschenbaum, 194 Misc. 104, 107.) The fact that the plaintiff may not be entitled to a declaration of rights, as it claims them to be, does not require the dismissal of a complaint for a declaratory judgment where, as here, an actual justiciable dispute is present. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45; Sylvander v. Taber, 6 A D 2d 987; Marshall v. City of Norwich, 1 A D 2d 498.)
That issues of fact are presented in this action as well as questions of law does not preclude the maintenance of the action. As was pointed out by the late Chief Judge Lehman of the Court of Appeals in the Rockland Light & Power Co. case (supra, p. 52), in discussing the court’s decision in Dun & Bradstreet, Inc., v. City of New York (276 N. Y. 198), “ the reference in the opinion in that case to the circumstance that 1 there is no issue of fact ’ is misread when it is construed as an indication that an action for a declaratory judgment must be dismissed whenever there are disputed questions of fact.”
The motion is, accordingly, denied and the movant granted 10 days following the service of a copy of the order to be entered hereon with notice of entry thereof in which to serve an answer.