Saul S. Streit, J.
A death action has been instituted and is pending, brought by the defendant estate against the codefendant owners. Death arose, as is alleged, by reason of failure to comply with the provisions of section 64 of the Multiple Dwelling Law and related statutory and municipal requirements. Failure of required heat supply endured for a period of about one year, when death from pneumonia ensued. Plaintiff has brought this action for a judgment declaring that pursuant to its policy it has properly and lawfully disclaimed liability and obligation to defend because legal liability, the subject of the death action, did not arise from bodily injury or disease caused by accident. It now moves for summary judgment. Jackson v. Employers’ Liab. Assur. Corp (139 Misc. 686, affd. 234 App. Div. 893, affd. 259 N. Y. 559) and New York Cas. Co. v. Barbieri (196 Misc. 203) are controlling. While the former was decided after trial of the death action and involved a death occurring about two months after the onset of violation of the statute, the latter was determined before the trial of the death action, and the period of statutory violation there was but several days. In the absence of a traumatic injury or a sudden and instant happening identifiable in space or time, disease and death cannot impose liability within the coverage of the policy. The result is not due to accidental injury. McGettrick v. Fidelity & Cas. Co. (264 F. 2d 883) relied on by the defendants, is not applicable. There was involved in that action the duty of the insurer to investigate before determining whether an action brought against the insured based upon an assault and battery was covered by the policy. Thus, there was at the threshold a sudden and instant happening not present here.
The motion is granted. Settle order.