George Tilzer, J.
The plaintiff assured brings this action under a public liability policy issued by the defendant for a judgment pursuant to section 473 of the Civil Practice Act, declaring that said policy compels the defendant to defend an action brought in the Municipal Court against the plaintiff for property damages.
The policy of insurance covered the plaintiff in its operation of a guard and patrol agency against public liability for bodily injury ($50,000 each person, $100,000 each accident) and property damage ($5,000 each accident, $25,000 aggregate).
The plaintiff was hired by the Cody Contracting Company, Inc., to furnish guards to protect the property and equipment and to patrol Crotona Park Playground where a construction job was in progress. Cody maintained a trailer at the site of the work, the trailer being towed to the job and set up on blocks for use as an office. The trailer was equipped with furniture, telephones and a kerosene stove. Cody gave permission to the plaintiff’s guards to enter the office trailer and they used it for the purpose of keeping warm between their patrols. On December 25,1958, a guard in the employ of the plaintiff, while attending the kerosene heater, negligently set the trailer afire. Thereafter, the owner of the trailer brought action against the plaintiff in the Municipal Court to recover damages to the trailer in the sum of $1,650.
Under the exclusionary provisions of the policy in suit, the policy does not apply: 11 2. To injury to or destruction of property owned, occupied by, or rented to the insured, property used by or in the care, custody or control of the insured, or property as to which the insured for any purpose is exercising physical control.”
The court finds and concludes that the foregoing exclusionary provision relied upon by the defendant is applicable. The trailer was used by the plaintiff. Indeed, the plaintiff’s complaint so alleges. The trailer, moreover, was something more than a place where plaintiff’s guards might keep warm. As *124 part of the machinery and equipment committed to the plaintiff for protection, the trailer was property in the care, custody and control of the plaintiff or property over which the plaintiff, “for any purpose”, was exercising physical control (Pompeii v. Phoenix Assur. Co., 7 A D 2d 806; New York Cas. Co. v. Barbieri, 196 Misc. 203). Accordingly, judgment will be entered in favor of the defendant declaring that the contract of public liability insurance did not apply to the damage or destruction of the trailer, the subject matter of the action against the plaintiff in the Municipal Court; that the defendant is not required to furnish a defense in that action and cannot be held liable for any judgment rendered against the plaintiff in that action.