Morris E. Spector, J.
In this action for declaratory judgment, plaintiff Cosmopolitan Mutual Insurance Company (Cosmopolitan) and defendants, Consolidated Mutual Insurance Company (Consolidated) seek judgment declaring that under comprehensive general liability policies issued by them to defendant, Packer’s Supermarket, Inc. (Packer’s), they incurred no obligation to defend or indemnify Packer’s, for any property damages that may be obtained against Packer’s, in an action instituted by defendant Joseph Tancredi.
Tancredi, the plaintiff in that action, owned a two-family house, one apartment of which was occupied by his family, the other being leased. Packer’s for about 10 years prior to the Tancredi action leased and operated a food market which immediately adjoined Tancredi’s dwelling house. The defendants Katz were the owners of the premises leased to Packer’s.
During this 10-year period, it appears that Packer’s was insured by Consolidated from October, 1958 to July 15, 1965 and by Cosmopolitan thereafter. The policies of both insurers with respect to property damage coverage, provide for payment on behalf of the insured, all sums which the insured shall become legally obligated to pay as “ damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.” The policies also contained provision to “ defend any suit against the insured alleging such injury * * * or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.”
The basic issue to be resolved is whether the alleged property damage claimed by Tancredi was “ caused by accident”. If it was, then under their respective policies, Cosmopolitan and Consolidated are obligated to defend and indemnify Packer’s in the action brought by Tancredi. If it was not, then there would be no coverage encompassed under the policies issued and no obligation incurred by either of the insurers to defend or indemnify Packer’s in the Tancredi action.
It becomes necessary therefore to examine the Tancredi complaint, to be apprised of the nature and basis of the original action. The amended complaint and bill of particulars in the Tancredi action alleges that Packer’s created and maintained a nuisance for a continuing period of 10 years prior to August, 1968, in that, during that period, it unreasonably operated its supermarket; that it permitted at various times of the day, the daily accumulation and removal of "garbage and *982 refuse in an open area immediately adjacent to Tancredi’s dwelling; that the stench and vile odors emitted entered his premises; that disturbing noises were made during the removal of the garbage and refuse during the early hours of the morning, all of which interfered with the quiet enjoyment of his dwelling, rendering it useless for occupancy as such and greatly depreciating the value of his property. In his bill of particulars, Tancredi further alleges that Packer’s had received both constructive and actual notice; that specific notice was given to its vice-president on July 30, 1965 and prior thereto to various unnamed employees of the defendant. It further appears that a personal injury claim asserted therein has since been withdrawn.
There appears to be no precise definition of the word ‘ ‘ accident ”. As was .stated by Judge Fuld, now Chief Judge, in Matter of Croshier v. Levitt (5 N Y 2d 259, 262): “No all-inclusive definition of ‘ accident ’ is possible, nor any formulation of a test applicable in every case, for the word has been employed in a number of senses and given varying meanings depending upon the relevant context.”
In giving meaning to the words “accident”, “caused by accident ’ ’ and ‘ ‘ accidental means ’ ’, certain guides have been followed by the courts. In Lewis v. Ocean Acc. & Guar. Corp. (224 N. Y. 18, 21) on the issue whether death was baused by ‘ ‘ accidental means ’ ’, within the meaning of a policy, the court stated its viewpoint ‘ ‘ must not be that of the scientist. It must be that of the average man. * * * This test — the one that is applied in the common speech of men — is also the test to be applied by courts.” The term accident “is to be determined, not by any legal definition, but by the commonsense viewpoint of the average man.” (Matter of Masse v. Robinson Co., 301 N. Y. 34, 37).
In Jackson v. Employers’ Liab. Assur. Corp. (139 Misc. 686, 689, affd. 234 App. Div. 893, affd. 259 N. Y. 559) it was stated that: ‘ ‘ The word ‘ accident ’, in the point of view of the average man, conveys a sudden and instant happening, an event of the moment rather than a condition which continues to develop, progress and change through a period of time. According to the mental conception of the average man, it means a happening, not only unexpected and unusual, but one referable to a definite and fixed period of time. (Jeffreyes v. Sager Co., 198 App. Div. 446, 447, affd. 233 N. Y. 535.) ”
It was likewise declared in New York Cas. Co. v. Barbieri (196 Misc. 203, 207) on the basis of the Jackson case (supra), *983 that the cause of death of an infant from a failure to provide heat ‘ was not a specific occasion or event but was the sequel of a continuing process. It was therefore not accidental.”
In City of Fulton v. Great Amer. Ind. Co. (11 Misc 2d 536, 541, affd. 7 A D 2d 832), an unconscious man was placed in a cell by police, left unattended and without medical aid and who died a few hours later. The court there held: “It is equally well established that, in construing a policy, the guide of the courts must be the reasonable expectation and purpose of ordinary business men when making such a contract, and the language employed is to be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it. (Abrams v. Great Amer. Ins. Co., 269 N. Y. 90; Burr v. Commercial Travelers Mut. Acc. Assn., 295 N. Y. 294; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243.) This has been the standard when the words, accident ’, ‘ accidental injury ’ and ‘ accidental means ’ have been construed. (Matter of Odell v. McGovern, 308 N. Y. 678; Matter of Connelly v. Hunt Furniture Co., 240 N. Y. 83; Lewis v. Ocean Acc. & Guar. Corp., 224 N. Y. 18.)
‘ ‘ Guided by the above rules, this court is of the opinion that the death of O’Grady under the circumstances disclosed by the evidence at the previous trial was ‘ caused by accident ’ within the meaning of the policy in question and that the ordinary man would so regard it. Webster’s New International Unabridged Dictionary [2d ed.] defines an accident as ‘ An event that takes place without one’s foresight or expectation; an undesigned, sudden, and unexpected event.’ Certainly, decedent’s death was all of these.”
In Johnson Corp. v. Indemnity Ins. Co. (7 N Y 2d 222, 228), Chief Judge Conway in construing the term “ accident ” stated: “ Finally, there is the approach, which we consider the soundest, that the term is to be used in its common sense of ‘ an event of an unfortunate character that takes place without one’s foresight or expectation * * * ’ (Definition taken from Matter of Croshier v. Levitt, 5 N Y 2d 259, 269 [1959] * * *) That is, an unexpected unfortunate occurrence.”
The argument made by Packer’s, relying upon Messer smith v. American Fid. Co. (232 N. Y. 161 [1921]) that although the acts complained of, were of its own volition and willful, there was no intent to harm Mr. Tancredi or his property, and therefore any damage caused to Tancredi was accidental, is not convincing. Nor does reliance upon the holding in the Messersmith case afford it any comfort.
*984 In resolving the issue here, the court must necessarily evaluate the factual circumstances within the framework of the complaint in the Tancredi action. Of compelling significance is the fact that Packer’s although being apprised and with knowledge of the harmful effects and the damage resulting from the alleged nuisance, nevertheless, deliberately continued the activities which gave rise to the claimed damage, for a period of 10 years. Furthermore, the harm allegedly caused by Packer’s conduct was not the result of a specific occurrence or of a sudden happening but was a “ sequel of a continuing process ”.
Additionally, it „ cannot be said, that the cosequences of Packer’s acts in the light of the factual circumstances, were unintentional, unexpected or unforeseen. Packer’s should have foreseen and anticipated the harmful and damaging effects of the alleged offensive conditions it created and maintained, particularly since it was apprised thereof.
The only logical and realistic conclusion that the court can reach is that the alleged damage was not ‘ ‘ caused by accident ” and the average man would so regard it.
Accordingly, the court declares that the alleged property damage claimed by Tancredi was not ‘ caused by accident ’ ’ within the meaning of the insurance policies issued by Cosmopolitan and Consolidated and that neither of said companies incurred any obligation or is required to defend or continue the defense of the Tancredi action. It is further declared that neither Cosmopolitan nor Consolidated is liable for or obligated to pay any judgment which may be recovered therein. Any judgment obtained in the Tancredi action may not be enforced against either Cosmopolitan or Consolidated under their policies of insurance.